[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANTS' MOTION TO DISMISS
The defendants, a foreign corporation and a non-resident individual, move to dismiss this action claiming that service was not made upon either defendant. The defendant Capital Video appointed Attorney Victor Spellman of 40 Squire Street and 99 Bank Street. New London, Connecticut as its agent for service of process in Connecticut. Service of process was attempted at both of the above addresses by New London County Deputy Sheriff Leonard Weinberg, and the agent was not found at either address. See affidavit of Leondard Weinberg. After this diligent search, it was determined that the location of the agent for service of process could not be obtained. See Weinberg affidavit. The defendant Capital Video was then served by the sheriff leaving two true and attested copies of the writ. summons and complaint at the office of the secretary of the state at least twelve days before the session of the court to which the writ is returnable. The sheriff also submitted to the secretary of the state an affidavit of Leonard Weinberg stating that after a diligent search, the defendants' agent for service could not by located. CT Page 1182 See Weinberg affidavit and return. Also, on October 10, 1991, the sheriff deposited in the mail, postage prepaid and certified, return receipt requested, a verified true and attested copy of the original writ, summons and complaint, with endorsement thereon to Capital Video Corp, 1800 Mineral Spring Avenue, North Providence, Rhode Island, 02904.
Connecticut General Statutes 33-411, which concerns service of process on foreign corporations, provides in pertinent part:
 If it appears from the records of the secretary of the state that such corporation has failed to maintain such agent for service of process, or if it appears by affidavit attached to the process, notice or demand of the officer or other person directed to serve any process, notice or demand upon such corporation's agent appearing on the records of the secretary of the state that such agent cannot, with reasonable diligence, be found at the address shown on such records, service of such process, notice or demand on such corporation may be made by such officer or other proper person by: (A) Leaving a true and attested copy thereof, together with the required fee, at the office of the secretary of the state or depositing the same in the United States mails, by registered or certified mail, postage prepaid, addressed to such office, and (B) depositing in the United States mails, by registered or certified mail, postage prepaid, a true and attested copy thereof, together with a statement by such officer that service is being made pursuant to this section, addressed to such corporation at the address of its executive offices as last shown on the records of the secretary of the state or at such other address as had been designated as provided in subsection (b) of section 33-300. The secretary of the state shall file the copy of each process, notice or demand received by him as provided in subdivision (2) of this subsection and keep a record of the day and hour or such receipt. Service so made shall be effective as of such day and hour.
It appears that the plaintiff has complied with the service requirements of 33-411 where the agent for service cannot be found at the address shown on the records of the secretary of the state. However, it should be noted that the required affidavit was delivered to the secretary of the state on a date after the writ, summons and complaint were delivered to that office. Read CT Page 1183 strictly, the statute requires that the affidavit be attached to such process. Conn. Gen. Stat. 33-411. "Compliance with the essential conditions prescribed by [a] statute is a requisite for the court's jurisdiction." General Dynamics Corp. v. Groton,184 Conn. 483, 493 (1981). However, "noncompliance in minor details amounting to mere irregularities may be waived." Id. It is concluded that failure to attach the affidavit to the process is a minor irregularity where the affidavit is otherwise supplied to the secretary of the state. Moreover, it is concluded that the defendant has waived this particular objection since it was not stated in its motion to dismiss. Since the affidavit was delivered to the secretary of the state, it is concluded that failure to attach the affidavit to the process does not deny the court jurisdiction over the defendant Capital Video.
The individual defendant Michael. Lessa is not a Connecticut resident. Lessa guaranteed payment on the lease. As a non-resident transacting business in Connecticut, the defendant Lessa is subject to jurisdiction under Connecticut General Statute52-596. On October 10, 1991, the sheriff served the defendant Lessa's duly authorized agent, the secretary of the state, by leaving a verified true and attested copy of the original writ, summons, and complaint at the secretary of the state's office. This action complaint with 52-596. Also in compliance with this statute, a true and attested copy of the complaint with endorsement thereon was sent to the defendant Lessa at 1800 Mineral Springs Avenue, North Providence, Rhode Island 02904.
For the reasons stated, service as to both defendants was proper and the motion to dismiss should therefore be and is denied.
DORSEY, J.